FILED - GR
September 15, 2015 4:00 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: mkc   SCANNED BY: /s/

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WESTERN MICHIGAN

| | |
|---|---|
| Michael J Schultz<br><br>Plaintiff<br><br>v.<br><br>The City of Wyoming, MI; Major Jack Poll, City Council members: William A. VerHulst, Richard K. Pastoor, Joanne M. Voorhees, Sam Bolt, Dan Burrill, Kent Vanderwood, City Manager Curtis L Holt; The City Police Department, Officer Stephen Rellinger, Capt. Kim Koster, Lt Scoot Gardner, Director of Police and Fire Services; James Carmody; Wyoming City Attorney Jack R Sluiter; 62A District Court, Judge Steven M Timmer, Judge Pablo Cortes, Owner and Cook of G's Grill; Joseff VanHorn, and Ryan Wade, Individually and in their official capacities, Jointly and Severally.<br><br>Defendants. | **1:15-cv-940**<br>Civil Action No.____   **Robert Holmes Bell**<br>   **U.S. District Judge**<br><br>Jury Trial Demanded<br><br>Pro Se |

## I COMPLAINT

__1.__  Comes now THE PLAINTIFF, Michael J Schultz, appearing pro se, and for a complaint against the defendants above named, states, alleges, and avers as follows.

## II JURISDICTION AND VENUE

__2.__  This Court has jurisdiction over this action under 28 U.S.C. Sections 1331 and 1343(a). The matters in controversy arise under 42 U.S.C. Section 1983.
   (a) Venue properly lies in this District pursuant to 28 U.S.C. Section 1391(b)(2), because the events giving rise to this cause of action occurred at G's Grill, 3603 Division S., Wyoming, Michigan, on 3/15/2014, which is located within the Western District of State.

__3.__  The American with Disabilities Act (ADA) applies to the City of Wyoming, MI, because it is a "Public Entity" as defined by Title II. 42 U.S.C. § 12131(A).

__4.__  This ADA applies to the Wyoming City Council members, Mayor, and City Manager, 62A District Court, because they are "Public Entities" as defined by Title II. 42 U.S.C. § 12131(B).

__5.__  The ADA applies to Wyoming Police Department, and its members, because it is a "Public Entity" as defined by Title II. 42 U.S.C. § 12131(B). and 42 U.S.C. § 1983.

__6.__  Own and employees of G's Grill, formally located at 3603 Division Ave. S, Wyoming, Michigan 49548: (Now closed) was a "Public Accommodation" as defined by ADA Title III. 42 U.S.C. § 36.104

## III GENERAL

<u>7.</u>  Defendants are; The City of Wyoming, MI;, Elected and/or appointed Officials, Major Jack Poll, City Council members; William A. VerHulst, Richard K. Pastoor, Joanne M. Voorhees, Dan Burrill, Kent Vanderwood; City Manager Curtis L Holt; The Wyoming City Police Department; Officer Steven Rellinger, Capt. Kim Koster, Lt Scoot Gardner, Director of Police and Fire Services; James Carmody; Wyoming City Attorney Jack R Sluiter, 62A District Court, Judge Steven M Timmer, Judge Pablo Cortes, Former Owner and Cook of G's Grill; Joseff VanHorn, and Ryan Wade.

<u>8.</u>  On July 26, 1990, Congress enacted the Americans with Disabilities Act (ADA) 42 U.S.C. § 12101, et seq., <u>establishing the most important civil rights law for persons with is disabilities in our country.</u>

<u>9.</u>  The Congressional statutory finding includes:

a. "some 43,000,000 Americans have one of more physical or mental disabilities historically, society has tended to isolate and segregate individuals with disabilities and despite some improvements, such forms of discrimination against individuals is with disabilities continue to be a serious and pervasive social problem;
b. "discrimination against individuals with disabilities ties persists in such critical areas as public accommodations;
c. "individuals with disabilities encounter various forms of discrimination, including the discriminatory effects of architectural ...
d. "the opportunty ...to pursue those opportunities for which our free society is justifiably famous ..."42 U.S.C. § 12101 {a).

<u>10</u>.  Congress went on to state explicitly the purpose of the Americans with Disabilities Act to be:

a. "to provide a clear and comprehensive national mandate for the eliminate on of discrimination against individuals with disabilities;
b. "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and
c. **"the invoke** the sweep of Congressional authority to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities. 42 U.S.C. § 12101(b).

<u>11</u>.  Congress gave State and one and a half years to implement the Act. The effective date was January 26, 1992.

<u>12</u>  Nevertheless, The City of Wyoming, MI, has not complied with ADA mandate for the past 25 years that the law has been enacted. The city has not put the required personal in place (ADA Coordinator). If they had this personal, that person could have possibly addressed this problem, and this case would not be here today.

<u>13.</u>  One of the most important parts of the Americans with Disabilities Act is Title known as the "Public Accommodations and Services Operated by Private Entities." 42 U.S.C. § 12181.

<u>14.</u>  Public Accommodations and Commercial Facilities. ADA (Title III)

ADA Title III, prohibits discrimination on the basis of disability in the activities of "Places of Public Accommodations" (businesses that are generally open to the public and that fall into one of 12 categories listed in the ADA, such as <u>restaurants</u>, movie theaters, schools, day care facilities, recreation facilities, and doctors' offices...) and requires newly constructed or altered places of public accommodation—as well as commercial facilities (privately owned, nonresidential facilities such as factories, warehouses, or office buildings)—to comply with the ADA Standards. (Note: ADA Standards are now incorporated in building standards) (Exhibit H (1)) (Exhibit G)

<u>15.</u>  § 36.206 Retaliation or coercion.

- (a) No private or public entity shall discriminate against any individual because that individual has opposed any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated *in any manner in* an investigation, proceeding, or hearing under the Act or this part.

- (b) No private or public entity shall coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the Act or this part.
- (c) Illustrations of conduct prohibited by this section include, but are not limited to:
  - (1) Coercing an individual to deny or limit the benefits, services, or advantages to which he or she is entitled under the Act or this part;
  - ==(2) Threatening, intimidating, or interfering with an individual with a disability who is seeking to obtain or use the goods, services, facilities, privileges, advantages, or accommodations of a public accommodation;==
  - (3) Intimidating or threatening any person because that person is assisting or encouraging an individual or group entitled to claim the rights granted or protected by the Act or this part to exercise those rights; or
  - (4) Retaliating against any person because that person has participated in any investigation or action to enforce the Act or this part.

**16.** The Americans with Disabilities Act allows complete access to persons with disabilities, with/or without service animals; in the place of public accommodation. 42 U.S.C. § 12101{a) [MCL 750.502(c) (Misdemeanor crime in Michigan • 90days in jail and or $500.00 fine) M.S.A. 3.447(121) (9)].

**17.** Three Federal laws each prohibit retaliation against person with disability making accommodation requests, and stand up for their civil rights.

## IV FACTS OF THE EVERT

**18.** On 3-15-2014 At about 1:10 PM, Mr. Schultz entered G"s Grill. Mr. Schultz proceeded to the counter and place an order with the waitresses for food and drink. Mr. Schultz sat down in the booth marked for handicaps. Mr. Schultz could see the cook over by the kitchen area taking to another employee. Mr. Schultz is very hard of hearing and could not hear or understand what the conversation was about. The only thing Mr. Schultz did hear was someone saying load enough he could understand, "I'm go to call the owner." (Exhibit A)

**19.** Also, Mr. Schultz had his service dog, Nicky, with him, Nicky took her place under the table. Mr. Schultz is also diabetic, it being late in the day for me to eat, he was feeling the effects low blood sugar. Mr. Schultz sat quietly with his eye closed, waiting for this order. There were no other customers in the restaurant.

**20.** After a time Mr. Schultz heard the sound of the back door opening, he opened his eyes turned the see Office Rellinger coming in. The officer stopped about 6 feet from the table and ordered Mr. Schultz out the back door to the parking lot. Mr. Schultz complied.

**21.** Once outside, Mr. Schultz gave Officer Rellinger the requested driver's license, as well as his Service Dogs I.D.", and showed Officer Rellinger a third card entitled "_You have just committed a crime_" (This card states State Laws and ADA Laws.) Despite this warning card, Officer Rellinger arrested Michel J. Schultz (A 100% service-connected disabled veteran) for 'Trespassing' in a "Place of Public Accommodation", G's Grill, a restaurant located at 3603 S. Division, Wyoming, MI, licensed, #072672, to serve the public. Officer Rellinger deprivation Mr. Schultz of his rights or privileges of a citizens of the United States by failing to observe his legal rights under the laws of Michigan, MCL 750.552, MCL 750.502(c), and ADA civil rights laws of the United States, as he is _required_ by. By doing so he also violated MCL 750.50(a), 750.370, 752.11, and 764.1(e), False Arrest, Grand Larceny, and Aiding and Abiding a crime. (Exhibit E) (Exhibit G)

**22.** Officer Rellinger confronted Mr. Schultz, knowingly full well that he was a person with disabilities and was accompanied by a "service dog".

**23.** Mr. Schultz filed a complaint with the police department my email. He received a phone call Capt. Kim Koster. She referred the matter to Lt. Scoot Gardner, internal affairs, who was on vacation. When I talked with Lt. Gardner he stanchly defended Officer Rellinger from the first minute, and told Mr. Schultz he would haft to file another complaint

when the court case was resolved. After the trespassing case was dismissed. Mr. Schultz called Lt. Gardner to file the complaint again, he did not return the call.

**24.** Mr. Schultz then filed charges with Capt. Koster. He also made several phone call to try to get some dialoged going to resolve to problem. After adamant clams that nothing wrong was done, Mr. Schultz sent a message to Mayor Poll and requested a meeting, he refused after meeting with the Police Director, City Manager, and Prosecutor who told he "nothing wrong was done". Mr. Schultz then sent messages to the City Council members and the City Manager. This took place over 1 1/2 years, no one would take to Mr. Schultz about the violations of his rights.

## VI  CITY AND STATE LAWS THAT APPLY TO TRESSPASSING

**25.** The City Odense that was sited 010.101(42)/50-117 on the ticket.

Sec. 50-117. - Entry of private property without permission; remaining without permission.

It shall be unlawful for any person to enter into or upon any private property without the permission of the owner or person in charge of such property, or after having entered into or upon any private property with the permission of the owner or person in charge, to remain thereon after being requested to leave by the owner or person in charge of such property. (Code 1983, § 10.101(42))

State Law MCL750.552
Sec. 552.

(1)  Except as otherwise provided in subsection (2), a person shall not do any of the following:
a)  Enter the lands or premises of another without lawful authority after having been forbidden to do so by the owner or occupant or the agent of the owner or occupant.
b)  Remain without lawful authority on the land or premises of another after being notified to depart by the owner or occupant or the agent of the owner or occupant.

State Law MCL 750.502 (c) ( Is this lawful authority?)
Sec. 502c.

(1) A person who is an owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public or private housing, accommodation, amusement, or recreation, including but not limited to any inn, hotel, motel, apartment building, trailer park, *restaurant*, barbershop, billiard parlor, store, public conveyance on land or water, theater, motion picture house, public or private educational institution, or elevator, who refuses to permit a person with disabilities to enter or use the place when the place is available because the person with disabilities is being led or accompanied by a guide or leader dog, hearing dog, or service dog is guilty of a misdemeanor if the guide or leader dog is wearing a harness or if the hearing dog or service dog is wearing a blaze orange leash and collar, hearing dog cape, or service dog backpack, and the person with disabilities being led or accompanied has in his or her possession a pictured identification card certifying that the dog was trained by a qualified organization or trainer. The department of labor shall maintain a list of organizations or trainers that train guide or leader dogs, hearing dogs, and service dogs.

## VII  FEDERAL LAWS THAT APPLY

**26.**  42 U.S.C. § 12131, ADA

## VIII CONCLUTION

**27.** The City of Wyoming and its Officials and Officers have deprivation Mr. Schultz of rights and/or privilege of a citizen of the United States, by not modifying its current services, policies, practices, and procedures, and the effects thereof, that do not, or may not, meet the requirements of the ADA. The City was mandated to perform this task 25 Years ago and has failed to do so. (Exhibit D) (Exhibit E)

**28.** The City does not have an ADA Coordinator to handle ADA Disabilities problem. This person would try to resolve problems. (Exhibit F)

**29.** The ADA has guide lines for Cities to follow, "A Primer for State and Local Governments", to help achieve compliance with the law. These documents have been hand delivered to the City Manager office. No reply. (Exhibit F)

**30.** The City has informed Places of Public Accommodations that they have some right to expel persons they don't want in their establishments. This is not the truth. The City has not taken into account both State and ADA Laws and refuses to learn the Law. (Exhibit D)

**31.** The Wyoming City Attorney Jack R Sluiter is willfully ignorance of the laws governing Trespassing charges. Mr. Schultz gave Mr. Sluiter copy of the State laws and ADA laws, three (3) times he laid them back on the table and tried to walk away. (Exhibit D)

**32.** The 62A District Court, is no better than Mr. Sluiter, they issue boiler plate restraining order that state things that have nothing to do with "Trespassing", and that violated Mr. Schultz Constitutional Right. The Court refused to read State Law the was handed to the them. This act seems the same as Mr. Sluiter, willfully ignorance. Not following the law, disregarding the law, and violating Constitutional Rights. (Exhibit B)

**33.** G's Gill; Joseff VanHorn (Owner), and Ryan Wade (cook), failed to follow State Law MCL 750.502(c), as well as ADA Laws. (Exhibit E) (Exhibit G) (Exhibit H (2))

## III THE PLAINTIFF

**34.** The plaintiff, Michael J Schultz is a citizens of Grand Rapids, and the State of Michigan, United States of America. He is a disabled veteran, 100% service connected, and is a qualified individual under the ADA laws. He served from 6/1965 to 4/1969 in the United State Marine Corps, and obtained the rank of Corporal (E4). In June 2003 Mr. Schultz went to the VA clinic with several health issues, the doctor that he was assigned to found that he was suffering from Agent Orange syndrome. He was rated at 180% disabled.

**35.** Mr. Schultz enlisted to the Marine Corps in 1965, and spent 1966 in Vietnam, then he was assigned to Camp Lejeune, NC, until his honorable discharge in the spring of in a of the United States of America, to which there is no exploration date. ("Once a Marine, always a Marine")

**36.** Mr. Schultz has been a "Service Dog" trainer for more than 20 years. He is also on the list of "Service Dog" trainer kept by the State of Michigan for the last 15 years. Mr. Schultz often has opportunity to educate shop owner of the laws governing "Service Dog" access in bother State and Federal Laws. Over the years Mr. Schultz has become a very knowable expert on the "Service Dog" laws and Disabled rights under the ADA.

## IX PRAYER FOR RELIEF

**37.** The plaintiff requests an injunctive relief; that the City of Wyoming be ordered to commence the required changes under ADA 35.105 within 30 days, and start the training of the police within 60 days, and training the rest of supervisory personal within 90 days.

**38** Injunctive relief, the 62A District Court be ordered to a-sponge all records of persons convicted since 1990 of "Trespassing", other than those that occurred in privet residents. And to dismiss all cases that by come before The Court that are charged with "Trespassing" in a Place of Public Accommodations.

**39.** Order the City of Wyoming to pay money damages of $50,000.00 for each years (25) that they have not complied with the ADA Law. (This money is to be divided among

the citizens that have been arrested for and/or charged with "Trespassing" over the last 7 years.)

**40.** Order all other defendants, except Officer Rellinger, Joseff VanHorn, and Ryan Wade, to pay $5,000.00 each in money damages for their lack of action and refusal to communicate, violating the rights under the ADA laws. (City not to pay this for then.)

**41.** Office Rellinger, Joseff VanHorn, and Ryan Wade, to face State charges.

Respectfully submitted,

Michael J Schultz
1961 Prospect SE
Grand Rapids, Michigan, 49507             PRO SE Dated; September 15, 2015

