UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. SCHULTZ,

    Plaintiff,

v.

CITY OF WYOMING, et al.,

    Defendants.

Case No. 1:15-cv-940

Honorable Robert Holmes Bell

## OPINION

This is a civil action brought by a *pro se* plaintiff. The cases arises out of a ticket that plaintiff received for trespassing on March 15, 2014. The incident occurred on South Division Avenue in Wyoming, Michigan, at a now closed restaurant known as G's Grill.

On September 15, 2015, plaintiff filed his complaint. He named the City of Wyoming; Mayor Jack Poll; City Council Members William VerHurst, Richard Pastoor, Joanne Vorhees, Sam Bolt, Dan Burrill, and Kent Vanderwood; City Manager Curtis Holt; the Wyoming Police Department; Officer Stephen Rellinger; Captain Kim Koster; Lieutenant Scoot Gardner; Director of Police and Fire Services (Police Chief) James Carmody; Wyoming City Attorney Jack Sluiter; the 62-A District Court; the Honorable Steven M. Timmers; the Honorable Pablo Cortes; the former owner of G's Grill, Joseph VanHorn; and the former cook at G's Grill, Ryan Wade. Plaintiff seeks an award of damages. (Complaint ¶¶ 39-40, ECF No. 1, PageID.5-6). In addition, he seeks

injunctive relief compelling the 62-A District Court to expunge its records regarding persons convicted of trespassing since 1990, and to force the City of Wyoming to implement training sessions for officers and supervisory personnel. (Complaint ¶¶ 37-38). Plaintiff also wants Officer Rellinger, Mr. VanHorn, and Mr. Wade "to face State charges." (Complaint ¶ 41).

The matter is now before the Court on a Rule 12(c) motion by all defendants other than defendants Van Horn and Wade.[1] (ECF No. 35). Defendants' motion has been pending since January 18, 2016. Plaintiff elected not to file a response.

For the reasons set forth herein, defendant's motion will be granted and all plaintiff's claims against the moving defendants will be dismissed. All plaintiff's claims against defendants Van Horn and Wade will be dismissed for failure to state a claim upon which relief can be granted pursuant to the statutory authority provided by 28 U.S.C. § 1915(e)(2).[2]

---

[1]The Court has ignored the inaccurate labeling of defendants' motion as a motion for "summary judgment." Defendants seek "entry of the judgment on the pleadings under Fed. R. Civ. P. 12(c)." (Defendants' Motion at 2, ECF No. 35, PageID.113; *see also* Defendants' Brief at 3-4, ECF No. 35-1, PageID.120-21). Further, the exhibit attached to defendants' brief (ECF No. 35-2, PageID.128-34) is excluded from consideration. *See* FED. R. CIV. P. 12(d). Defendants offer no argument or supporting legal authority that permits the Court to consider the proffered evidence in the Rule 12(c) context without committing error. *Id.; see also Tranter v. Orick*, 460 F. App'x 513, 515 (6th Cir. 2012).

[2]The Court granted plaintiff leave to proceed *in forma pauperis*. (ECF No. 5). Under the provisions of federal law, the Court is required to dismiss any action brought *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see Davis-Bey v. Michigan*, No. 14-12167, 2014 WL 2746086, at * 1 (E.D. Mich. June 17, 2014).

## **Rule 12(c) Standards**

"Motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) are analyzed under the same de novo standard as motions to dismiss pursuant to Rule 12(b)(6)." *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than labels and the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550

U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); *see Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 435 (6th Cir. 2012).

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by licensed attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even the lenient treatment generally given *pro se* pleadings has its limits, however. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff falls short if [] he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

In deciding motions to dismiss under Rule 12(b)(6), the Court is generally limited to examination of the complaint alone. Nevertheless, the Court may also take into account exhibits to the complaint, Fed. R. Civ. P. 10(c), as well as documents referred to in the complaint but not attached, and matters of public record. *See Winget*

*v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008). Thus, the Court may refer to documents attached to, or referred in, plaintiff's amended complaint, as well as the matters of public record. *See Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (publicly filed records); *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999) (document referred to but not attached to complaint); *QQC v. Hewlett-Packard Co.*, 258 F. Supp.2d 718, 721 (E.D. Mich. 2003) (same).

### Plaintiff's Allegations

Plaintiff alleges the following facts. G's Grill is now closed, but on March 15, 2014, it was located on South Division Avenue, Wyoming, Michigan. (Complaint ¶¶ 6, 18). Joseph VanHorn is the former owner and Ryan Wade was a cook at G's Grill. (*Id.* ¶¶ 7, 33).

On March 15, 2014, at approximately 1:00 p.m., plaintiff entered G's Grill and sat down at the table provided for handicapped customers. Plaintiff states that there were no other customers in the restaurant. Plaintiff had his service dog with him and states that he placed an order with a waitress for food and drink. Plaintiff indicates that he is a diabetic. "It being late in the day for [him] to eat, he was feeling the effects of low blood sugar" and "sat quietly with his eyes closed." (*Id.* ¶¶ 18-19).

Plaintiff states that he is "very hard of hearing." (*Id.* ¶ 18). He alleges that he "saw the cook over in the kitchen area ta[l]king to another employee. . . . [H]e could not hear or understand what the conversation was about. The only thing [plaintiff] did hear was someone saying lo[u]d enough [so] he could understand[,] 'I'm going to call the owner.' " (*Id.*).

Despite his hearing difficulties, plaintiff states: "After a time [he] heard the sound of the back door opening[.] [H]e opened his eyes [and] turned to see Office[r] Rellinger coming in." Plaintiff indicates that Officer Rellinger ordered him to come outside. The officer requested plaintiff's driver's licence and his service dog's identification. Plaintiff supplied the officer with the requested information and card entitled "You have just committed a crime." (*Id.* ¶ 21). At approximately 1:56 p.m., plaintiff received ticket No. 1620 for trespassing. Plaintiff's hearing was scheduled for 9:00 a.m. on March 24, 2014. (ECF No. 1-2, PageID.8). On April 29, 2014, the Honorable Pablo Cortes of the 62-A District Court issued an order indicating that a condition of plaintiff's bond was having no contact with G's Grill. (ECF. No. 1-3, PageID.9). Plaintiff states that the trespassing charge was later dismissed. (Complaint ¶ 23).

Plaintiff had filed a complaint with the Wyoming Police Department regarding Officer Rellinger's actions before the trespassing charge was resolved. He received a phone call from Captain Kim Koster. She referred the matter to Lieutenant Scoot Gardner. Lt. Gardner informed plaintiff that he would have to file a new complaint after the charge against him was resolved. Plaintiff states that he called Lt. Gardner after the case was resolved and that Gardner failed to return the phone call. (*Id.* ¶ 23). Plaintiff made a complaint to Captain Koster and she found that "nothing wrong was done." Plaintiff sent a message requesting a meeting with Mayor Jack Poll, which the mayor declined after he had been informed by "the Police Director, City Manager, and Prosecutor" that "nothing wrong was done." Plaintiff then sent messages to the City

Council Members and the City Manager, and they declined to talk to plaintiff. (*Id.* ¶ 24).

Plaintiff alleges that he is disabled. (*Id.* ¶¶ 34-36). He criticizes City Attorney Jack Slutier's knowledge of the laws governing trespassing charges and states that he gave the City Attorney copies of State laws and ADA laws, and that three times the City Attorney laid them back on the table and tried to walk away. (*Id.* ¶ 32). Plaintiff believes that the 62-A District Court is no better because the judges refused to read the law that he handed to them and issued "boiler plate restraining orders that state things that have nothing to do with 'trespassing[.]' " (*Id.*).

## Discussion

I.     Judicial, and Prosecutorial Immunity

    A.     Judicial Immunity

State judges enjoy absolute immunity from federal damage suits for acts performed in their judicial capacities, except for acts done in the clear absence of jurisdiction. *See Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Alkire v. Irving*, 305 F.3d 456, 469 (6th Cir. 2002). A claim that the state court judge acted "maliciously or corruptly" and in excess of his jurisdiction is insufficient to overcome judicial immunity. *See Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001).

> "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1872). This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. *See Pierson v. Ray*, 3 86 U.S. 547, 554–55, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). The Supreme Court

> explained: "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication .... Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 226–27, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

*Stern v. Mascio*, 262 F.3d at 606.

The Supreme Court has made it clear that absolute judicial immunity is overcome "in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). First, a judge is not immune for non-judicial actions, i.e., actions not taken in a judicial capacity. *Id.* Second, a judge is not immune for actions, although judicial in nature, done in complete absence of all jurisdiction. *Id.* In determining whether certain conduct is judicial in nature, the court must adopt a functional approach, asking whether the act is one normally performed by a judge. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *see Brookings v. Clunk*, 389 F.3d 614, 617-18 (6th Cir. 2004).

In this case, all the challenged actions were manifestly judicial in nature, and they were within the jurisdiction of the 62-A district court. Accordingly, Judges Steven Timmers and Pablo Cortes are entitled to absolute judicial immunity. *See Bright v. Gallia County, Ohio*, 753 F.3d 639, 648-49 (6th Cir. 2014); *Rogers v. O'Donnell*, 737 F.3d 1026, 1030-31 (6th Cir. 2013); *Drake v. Village of Johnstown Ohio*, 534 F. App'x 431, 441 (6th Cir. 2013).

B.  Prosecutorial Immunity

Plaintiff seeks to hold the City Attorney responsible for initiating the trespass charge against him. This claim is barred by the doctrine of prosecutorial immunity. Under the doctrine of prosecutorial immunity, prosecutors are immune from damage suits for their decision to initiate or maintain such a prosecution. *See Imbler v. Pachtman*, 424 U.S. 409 (1976); *Holloway v. Brush*, 220 F.3d 767, 774-75 (6th Cir. 2000) (en banc); *accord Cooper v. Parrish*, 203 F.3d 937, 948 (6th Cir. 2000) (prosecutor entitled to absolute immunity for decisions to file public nuisance and civil forfeiture complaints). Consequently, City Attorney Sluiter is immune from suit for his role in initiating and prosecuting the trespass charge against plaintiff.

## II.     62-A District Court

Eleventh Amendment immunity generally bars plaintiff's claims against the 62-A District Court. *See Abick v. State of Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). The district court is part of Michigan's "one court of justice" and is a branch of the state government. *See Varner v. Schrock*, No. 1:14-cv-999, 2014 WL 5441807, at *3 (W.D. Mich. Oct. 24, 2014) (collecting cases); *see also Sleighter v. Kent County Correctional Facility Administration*, No. 1:13-cv-697, 2014 WL 794367, at *3 (W.D. Mich. Feb. 27, 2014) ("The district courts of the State of Michigan are clearly arms of the state and are therefore immune from suit.").

The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Plaintiff invokes 42 U.S.C. § 1983. (Complaint ¶ 2). The

State of Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004).

In *United States v. Georgia*, 546 U.S. 151 (2006), the Supreme Court held that Title II of the ADA validly abrogates sovereign immunity insofar as it creates a private cause of action for damages against the states "for conduct that *actually* violates the Fourteenth Amendment." *Id.* at 882. The Supreme Court instructed lower courts to "to determine in the first instance, on a claim-by-claim basis, (1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." The Sixth Circuit has instructed lower courts that they should reach the constitutional question of whether there has been a valid abrogation of Eleventh Amendment immunity "only after finding a viable claim under Title II." *Zibbell v. Michigan Dep't of Human Servs.*, 313 F. App'x 843, 847-48 (6th Cir. 2009). If the complaint fails to allege a viable Title II claim, the district court must decline to consider the remaining prongs of the *Georgia* analysis. *Id.*

Plaintiff's only factual allegations against the 62-A District Court are found in paragraph 32 of the complaint where plaintiff claims that the court issued a boiler plate restraining order that had nothing to do with trespassing. (Complaint ¶ 32). This falls well short of what is necessary to allege a viable claim for violation of Title II of the ADA. *See Barksdale v. Ohio*, No. 1:10-cv-1437, 2011 WL 2144552, at *2 (N.D.

Ohio May 31, 2011); *Bouillion v. Ross County Prosecutor's Office*, No. C-2-00-159, 2001 WL 242568, at *3 (S.D. Ohio Mar. 8, 2001).

### III. Individual Capacity Claims

Defendants seek dismissal of plaintiff's claims against them in their individual capacities under the ADA . The proper defendant to a suit under Title II of the ADA is the public entity or an official acting in his official capacity. *Everson v. Leis*, 556 F.3d 484, 501 n.7 (6th Cir. 2009); *Carter v. Mich. Dep't of Corr.*, No. 1:13-cv-37, 2013 WL 3270909, at *5 (W.D. Mich. June 27, 2013) (same). "Title II of the ADA does not, however, provide for suit against a public official in his individual capacity." *Everson*, 556 F.3d at 501 n.7; *see also Williams v. McLemore*, 247 F. App'x 1, 8 (6th Cir. 2007) ("[T]he ADA does not provide for personal liability for defendants sued in their individual capacities.... We have held repeatedly that the ADA does not permit public employees or supervisors to be sued in their individual capacities."); *Quillan v. Michigan Dep't of Corr.*, No. 1:13-cv-160, 2015 WL 542178, at *4 (W.D. Mich. Feb. 10, 2015) ("Title II of ADA does not impose liability on public officials acting in their individual capacities.").

### IV. Official Capacity Claims

#### A. City/Police Officials

Plaintiff's complaint against Mayor Poll, City Manager Holt, the five named City Council members, Police Chief Carmody, Captain Koster, and Lt. Gardner is that they ignored his messages and failed to meet with him. (Complaint ¶¶ 23-24). Plaintiff does not identify a statutory cause of action regarding these allegations; nor does he

suggest how these actions constitute a violation of the ADA. His complaint falls well short of that required to state a viable claim. *See Twombly*, 550 U.S. at 555; *Traverse Bay Area Intermediate Sch. Dist. V. Michigan Dep't of Educ.*, 615 F.3d at 627.

    B.    <u>Officer Rellinger</u>

Plaintiff accuses Officer Rellinger of violating various state criminal statutes. "Officer Rellinger depriv[ed] Mr. Schultz of his rights or privileges of a citizen[] of the United States by failing to observe his legal rights under the laws of Michigan, MCL 750.552, MCL 750.502(c), and ADA civil rights laws of the United States . . . . By doing so he also violated MCL 750.50(a), 750.370, 752.11, and 764.1(e), False Arrest, Grand Larceny and Aiding and [abetting] a crime." Complaint ¶ 21.

Criminal statutes generally do not provide a private right of action. *See People v. Herrick*, 550 N.W.2d 541, 544 ( Mich. Ct. App. 1996); *see also Am. Postal Workers Union, AFL-CIO v. Indep. Postal Sys. of Am., Inc.*, 481 F.2d 90, 93 (6th Cir. 1973) (noting that "the general rule is that a private right of action is not maintainable under a criminal statute"). Although Michigan courts have held that, in certain situations, a private remedy for damages may be inferred from a criminal statute, *see Lash v. City of Traverse City*, 735 N.W.2d 628, 636-37 (Mich. 2007) (citing *Gardner v. Wood*, 429 Mich. 290, 414 N.W.2d 706 (Mich. 1987)), plaintiff "cites no case holding that a private right of action may be inferred from any of the criminal statutes on which [he] relies. Moreover, [p]laintiff offers no argument or analysis to support inferring a private right of action from any of those statutes." *Ssayed v. Western Mich. Univ.*, No. 1:12-cv-797, 2013 WL 3277139, at *3 (W.D. Mich. June 27, 2013). Accordingly, plaintiff's claims of

purported violations of Michigan criminal statutes will be dismissed for failure to state a claim upon which relief can be granted.

## V. City of Wyoming

Plaintiff alleges that the City of Wyoming has failed to appoint an ADA Coordinator. (Complaint ¶ 12). The requirement to appoint an ADA Coordinator is not found in the statute, but rather, in the regulations implementing the statute. *See* 28 C.F.R. § 35.107.[3] Even assuming the truth of his allegation,[4] plaintiff's claim fails on its face as he has not identified any actual injury he allegedly suffered as a result of the city's failure to have an ADA Coordinator; much less does he demonstrate a causal connection between the purported injury and the failure to have a coordinator. *Cf. Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *see Stone v. New Jersey Admin. Office of the Courts*, 557 F. App'x 151, 154 (3rd Cir. 2014) (Affirming dismissal of plaintiff's claim regarding failure to be notified of ADA rights due to failure to allege an actual injury resulting from the purported violation.). Plaintiff's suggestion that an ADA Coordinator "could have possibly addressed this problem, and this case would not be here today," (Complaint ¶ 12), suffers from at least two disabilities – it fails to

---

[3]"A public entity that employs 50 or more persons shall designate at least one employee to coordinate its efforts to comply with and carry out its responsibilities under this part, including any investigation of any complaint communicated to it alleging its non-compliance with this part or alleging any actions that would be prohibited by this part." 28 C.F.R. § 35.107.

[4]The city's website indicates that it does have an ADA Coordinator, and it outlines the procedures for filing a complaint. *See* http://wyomingmi.gov/hr/employmentpolicies.asp. (last accessed December 23, 2016).

identify the purported "problem" and it fails to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## VI. Wyoming Police Department

The Wyoming Police Department is not a legal entity capable of being sued. *See Howard v. Wayne County Sheriff's Office,* 417 F. App'x 465, 467-68 (6th Cir. 2011); *Petty v. County of Franklin, Ohio*, 478 F.3d 341, 347 (6th Cir. 2007); *see also Garland v. Smigielski*, No. 1:14-cv-865, 2015 WL 5432770 (W.D. Mich. Sept. 15, 2015); *Reid v. West*, No. 2:14-cv-334, 2015 WL 268980, at *3 (E.D. Tenn. Jan.21, 2015) (collecting cases). Accordingly, plaintiff's claims against the Wyoming Police Department will be dismissed.

## VII. Joseph VanHorn and Ryan Wade

Plaintiff did not allege enough facts against defendants Joseph VanHorn and Ryan Wade to support a claim for relief. The only fact alleged against Mr. VanHorn is that he owned G's Grill. Mr. Wade is alleged to have been a cook at G's Grill. He may or may not have been the individual plaintiff alleges he overheard expressing an intent to contact the owner about something. Plaintiff's claims against these individuals will be dismissed for failure to state a claim upon which relief may be granted pursuant to the statutory authority provided by 28 U.S.C. § 1915(e)(2). *Cf. Twombly*, 550 U.S. at 555; *Traverse Bay Area Intermediate Sch. Dist. V. Michigan Dep't of Educ.*, 615 F.3d at 627.

## Conclusion

For the foregoing reasons, defendant's Rule 12(c) motion will be granted and all plaintiff's claims against the moving defendants will be dismissed. All plaintiff's claims against defendants Van Horn and Wade will be dismissed for failure to state a claim upon which relief can be granted pursuant to the statutory authority provided by 28 U.S.C. § 1915(e)(2).


Dated: December 30, 2016                        /s/ Robert Holmes Bell
                                                ROBERT HOLMES BELL
                                                UNITED STATES DISTRICT JUDGE